**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 282-7878
*Attorneys for Plaintiff*
Our File No.: 119987

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Lynette Rogers,<br><br>    Plaintiff,<br><br>    v.<br><br>Valentine & Kebartas, Inc. and LVNV Funding, LLC,<br><br>    Defendant. | Case No:<br><br>**COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Lynette Rogers ("*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against Valentine & Kebartas, Inc. ("Valentine") and LVNV Funding, LLC ("LVNV") (collectively "*Defendants*"), as follows:

### INTRODUCTION

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA").

### JURISDICTION AND VENUE

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d). The Court has supplemental jurisdiction exists over the any state law claims pursuant to 28 U.S.C. §1367

3. Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

1

4. At all relevant times, Defendants conducted business within the State of New York.

## PARTIES

5. Plaintiff Lynette Rogers is an individual who is a citizen of the State of New York residing in Kings County, New York.

6. Plaintiff is a natural person allegedly obligated to pay a debt.

7. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

8. On information and belief, Defendant Valentine & Kebartas, Inc., is a Massachusetts Corporation with a principal place of business in Essex County, Massachusetts.

9. On information and belief, Defendant LVNV Funding, LLC, is a Delaware Limited Liability Company with a principal place of business in New Castle County, Delaware.

## THE FDCPA AS IT RELATES TO THE CLAIMS HEREIN

10. Congress enacted the FDCPA upon finding that debt collection abuse by third party debt collectors was a widespread and serious national problem. *See* S. Rep. No. 95-382, at 2 (1977) *reprinted in* U.S.C.C.A.N. 1695, 1696; 15 U.S.C § 1692(a).

11. The purpose of the FDCPA is to protect consumers from deceptive or harassing actions taken by debt collectors, with the aim of limiting the suffering and anguish often inflicted by independent debt collectors. *Kropelnicki v. Siegel*, 290 F.3d 118, 127 (2d Cir. 2002); *Russell v. Equifax A.R.S.*, 74 F.3d 30, 34 (2d Cir. 1996).

12. To further these ends, "the FDCPA enlists the efforts of sophisticated consumers ... as 'private attorneys general' to aid their less sophisticated counterparts, who are unlikely themselves to bring suit under the Act, but who are assumed by the Act to benefit from the deterrent effect of civil actions brought by others." *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 91 (2d Cir. 2008).

13. As such, the circumstances of the particular debtor in question have no bearing as to the question of whether there has been a violation of the FDCPA. *See Easterling v. Collecto, Inc.*, 692 F.3d 229, 234 (2d Cir. 2012). Indeed, it is not necessary for a plaintiff to show that he or she was confused by the communication received. *Jacobson,* 516 F.3d at 91. Likewise, the plaintiff consumer's actions or inaction in response to a communication from a debt collector are

2

irrelevant. *Thomas v. Am. Serv. Fin. Corp.*, 966 F. Supp. 2d 82, 90 (E.D.N.Y. 2013).

14. Instead, "the test is how the least sophisticated consumer—one not having the astuteness of a 'Philadelphia lawyer' or even the sophistication of the average, everyday, common consumer—understands the notice he or she receives." *Russell,* 74 F.3d at 34.

15. If a debt collector's communication is "reasonably susceptible to an inaccurate reading" by the least sophisticated consumer, it violates the FDCPA. *DeSantis v. Computer Credit, Inc.*, 269 F.3d 159, 161 (2d Cir. 2001). Similarly, a communication violates the FDCPA if it is "open to more than one reasonable interpretation, at least one of which is inaccurate," or if the communication "would make the least sophisticated consumer uncertain as to her rights." *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993); *Jacobson,* 516 F.3d at 90.

16. The FDCPA is a strict liability statute, and a debt collector's intent may only be considered as an affirmative defense. 15 U.S.C. § 1692k(c); *Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2d Cir. 2010). Likewise, "the degree of a defendant's culpability may only be considered in computing damages." *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60, 63 (2d Cir. 1993). A single violation of the FDCPA to establish civil liability against the debt collector. *Id.*

**FACTUAL ALLEGATIONS**

17. Defendant Valentine & Kebartas, Inc. regularly collects or attempts to collect debts asserted to be owed to others.

18. Defendant Valentine & Kebartas, Inc. is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

19. The principal purpose of Defendant Valentine & Kebartas, Inc.'s business is the collection of such debts.

20. Defendant Valentine & Kebartas, Inc. uses the mails in its debt collection business.

21. Defendant Valentine & Kebartas, Inc. is a "debt collector" as defined by 15 U.S.C. § 1692a(6)

22. Defendant LVNV Funding, LLC is in the business of purchasing consumer debts which are in default and collecting on same.

23. The principal purpose of Defendant LVNV Funding, LLC's business is the

collection of such debts.

24. Defendant LVNV Funding, LLC is not the original creditor of any loan to Plaintiff.

25. On information and belief, based upon the representation contained in the collection letter more fully described *infra.,* the original creditor for the loan at issue was "Credit One Bank, N.A.".

26. Defendant LVNV Funding, LLC uses the mails in its debt collection business.

27. On information and belief, Defendant LVNV Funding, LLC hired Defendant Valentine & Kebartas, Inc. to collect the alleged Debt.

28. Defendant LVNV Funding, LLC is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

29. Defendant LVNV Funding, LLC is liable for its own actions, as well as the actions of its agent, Defendant Valentine & Kebartas, Inc.

30. Defendants allege that Plaintiff owes a debt (the "alleged Debt").

31. The alleged Debt is an alleged obligation of Plaintiff to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

32. The alleged Debt does not arise from any business enterprise of Plaintiff.

33. The alleged Debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

34. At an exact time known only to Defendants, the alleged Debt was assigned or otherwise transferred to Defendants for collection.

35. At the time the alleged Debt was assigned or otherwise transferred to Defendants for collection, the alleged Debt was in default.

36. In their efforts to collect the alleged Debt, Defendants contacted Plaintiff by calls to Plaintiff's telephone.

37. In their efforts to collect the alleged Debt, Defendants contacted Plaintiff by letters including the letter dated May 15, 2020 (the "May Letter"). (A true and accurate copy of the May Letter is annexed hereto as Exhibit 1).

38. The May Letter was the initial written communication Plaintiff received from Defendants concerning the alleged Debt.

39. In its efforts to collect the alleged Debt, Defendants again contacted Plaintiff by letters including the letter dated July 20, 2020 (the "July Letter"). (A true and accurate copy of the

July Letter is annexed hereto as Exhibit 2) (the May Letter and the July Letter may be hereinafter referred to as the "Letters").

40. The Letters conveyed information regarding the alleged Debt.

41. The Letters are "communications" as defined by 15 U.S.C. § 1692a(2).

42. The Letters were received and read by Plaintiff.

43. 15 U.S.C. § 1692g protects Plaintiff's concrete interests. Plaintiff has the interest and right to receive a clear, accurate and unambiguous validation notice, which allows a consumer to confirm that he or she owes the debt sought to be collected by the debt collector. As set forth herein, Defendants deprived Plaintiff of this right.

44. 15 U.S.C. § 1692e protects Plaintiff's concrete interests. Plaintiff has the interest and right to be free from deceptive and/or misleading communications from Defendant. As set forth herein, Defendants deprived Plaintiff of this right.

45. Plaintiff's injury is "particularized" and "actual" in that the Letters that caused the injury were addressed and sent to Plaintiff specifically.

46. Plaintiff's injury is directly traceable to Defendants' conduct, because Defendants sent the Letters.

47. A favorable judicial resolution of Plaintiff's case would redress Plaintiff's injury with damages.

48. The deprivation of Plaintiff's rights will be redressed by a favorable decision herein.

49. Plaintiff has been misled by Defendants' actions.

50. Plaintiff justifiably fears that, absent this Court's intervention, Defendants will continue to use abusive, deceptive, unfair and unlawful means in their attempts to collect the alleged Debt.

51. Plaintiff justifiably fears that, absent this Court's intervention, Defendants will ultimately cause him unwarranted economic harm.

52. As a result of Defendants' conduct, Plaintiff was forced to hire counsel and therefore has incurred damages including reasonable attorneys' fees in reviewing Plaintiff's rights under the law and prosecuting this claim.

53. As a result of Defendants' conduct, Plaintiff's counsel was forced to expend time and money to investigate the enforceability of the alleged Debt.

54. Upon information and belief, Plaintiff can prove that all actions taken by Defendants as described in this Complaint were taken willfully, with either the desire to harm Plaintiff with knowledge that its actions would very likely harm Plaintiff, and/or with knowledge that its actions were taken in violation of the law.

**FIRST COUNT**
**15 U.S.C. §§ 1692g(a)(1), 1692e, 1692e(2)(A) and 1692e(10)**

55. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

56. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

57. As relevant here, 15 U.S.C. § 1692g(a)(1) requires the written notice provide "the amount of the debt."

58. To comply with 15 U.S.C. § 1692g(a)(1), a statement of "the amount of the debt" must accurately state the amount of the debt.

59. A statement of "the amount of the debt," when the debt is not owed at all by the consumer, violates 15 U.S.C. § 1692g(a)(1).

60. The May Letter claims that Plaintiff owed $2,573.75 (the "Claimed Amount").

61. Plaintiff did not owe the Claimed Amount.

62. In fact, Plaintiff did not owe any money at all to the entity on whose behalf Defendants were seeking to collect.

63. Defendants' statement of the amount of the alleged Debt, when Plaintiff did not owe any money at all to the entity on whose behalf Defendants were seeking to collect, violates 15 U.S.C. § 1692g(a)(1).

64. 15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

65. 15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

66. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

67. An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a false, deceptive and misleading representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e, 1692e(2)(A) and 1692e(10).

68. Defendants' allegation that Plaintiff owed the Claimed Amount, when Plaintiff did not owe any money at all to the entity on whose behalf Defendants were seeking to collect, is a false, deceptive, and misleading representation made by Defendants in connection with Defendants' collection of the alleged Debt, in violation of 15 U.S.C. § 1692e, 1692e(2)(A) and 1692e(10).

69. For the foregoing reasons, Defendants violated 15 U.S.C. §§ 1692g(a)(1), 1692e, 1692e(2)(A) and 1692e(10) and are liable to Plaintiff therefor.

**SECOND COUNT**
**15 U.S.C. §§ 1692g(a)(2), 1692e, 1692e(2)(A) and 1692e(10)**

70. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

71. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

72. As relevant here, 15 U.S.C. § 1692g(a)(2) requires the written notice provide "the name of the creditor to whom the debt is owed."

73. To comply with 15 U.S.C. § 1692g(a)(2), the written notice must accurately state "the name of the creditor to whom the debt is owed."

74. A statement of "the name of the creditor to whom the debt is owed," when the consumer does not any money at all to the stated entity, violates 15 U.S.C. § 1692g(a)(2).

75. The May Letter claims the name of the creditor to whom the alleged Debt is owed is LVNV Funding, LLC (the "Putative Creditor").

76. Plaintiff did not owe the alleged Debt to the Putative Creditor.

77. The Putative Creditor never offered to extend credit to Plaintiff.

78. The Putative Creditor never extended credit to Plaintiff.

79. Plaintiff was never involved in any transaction with the Putative Creditor

80. Plaintiff never entered into any contract with the Putative Creditor

81. Plaintiff never did any business with the Putative Creditor.

7

82. Plaintiff was never indebted to the Putative Creditor

83. The Putative Creditor is a stranger to Plaintiff.

84. Defendants' statement that the Putative Creditor is "the name of the creditor to whom the debt is owed," when the Putative Creditor is not the name of the creditor to whom the alleged Debt is owed, violates 15 U.S.C. § 1692g(a)(2).

85. 15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

86. 15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

87. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

88. An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a false, deceptive, and misleading representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e, 1692e(2)(A) and 1692e(10).

89. Defendants' allegation that Plaintiff owed a debt to the Putative Creditor, when Plaintiff did not owe a debt to the Putative Creditor, is a false, deceptive and misleading representation made by Defendants in connection with Defendants' collection of the alleged Debt, in violation of 15 U.S.C. § 1692e, 1692e(2)(A) and 1692e(10).

90. For the foregoing reasons, Defendants violated 15 U.S.C. §§ 1692g(a)(2), 1692e, 1692e(2)(A) and 1692e(10) and are liable to Plaintiff therefor.

### THIRD COUNT
### Violations of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10)

91. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

92. 15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

93. An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a false representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e.

8

94. An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a deceptive representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e.

95. An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a misleading representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e.

96. The May Letter claims that Plaintiff owes a debt to LVNV Funding, LLC, on account of a debt that purportedly originated with an entity identified as "Credit One Bank, N.A."

97. Plaintiff was never advised by Credit One Bank, N.A. that any debt allegedly owed by him was being sold to LVNV Funding, LLC.

98. Plaintiff was never advised by Credit One Bank, N.A. that any debt allegedly owed by him was being assigned to LVNV Funding, LLC.

99. Plaintiff was never advised by Credit One Bank, N.A. that any debt allegedly owed by him was being transferred to LVNV Funding, LLC.

100. Plaintiff was never advised by LVNV Funding, LLC that it had purportedly purchased any debt allegedly owed by him to Credit One Bank, N.A.

101. Plaintiff was never advised by LVNV Funding, LLC that it had purportedly acquired any debt allegedly owed by him to Credit One Bank, N.A.

102. Plaintiff was never advised by LVNV Funding, LLC that it had purportedly been assgined any debt allegedly owed by him to Credit One Bank, N.A.

103. LVNV Funding, LLC is a stranger to Plaintiff.

104. Upon information and belief, LVNV Funding, LLC holds no legally cognizable right, title or interest in any debt Plaintiff allegedly owed to Credit One Bank, N.A.

105. Defendants' allegation that Plaintiff owed a debt to LVNV Funding, LLC, when Plaintiff did not owe a debt to LVNV Funding, LLC, is a false representation made by Defendants in connection with Defendants' collection of the alleged Debt, in violation of 15 U.S.C. § 1692e.

106. Defendants' allegation that Plaintiff owed a debt to LVNV Funding, LLC, when Plaintiff did not owe a debt to LVNV Funding, LLC, is a deceptive representation made by Defendants in connection with Defendants' collection of the alleged Debt, in violation of 15 U.S.C. § 1692e.

107. Defendants' allegation that Plaintiff owed a debt to LVNV Funding, LLC, when Plaintiff did not owe a debt to LVNV Funding, LLC, is a misleading representation made by Defendants in connection with Defendants' collection of the alleged Debt, in violation of 15 U.S.C. § 1692e.

108. Defendants' allegation that Plaintiff owed a debt to LVNV Funding, LLC, when Plaintiff did not owe a debt to LVNV Funding, LLC, is a false representation of the character of the alleged Debt, in violation of 15 U.S.C. § 1692e(2)(A).

109. Defendants' allegation that Plaintiff owed a debt to LVNV Funding, LLC, when Plaintiff did not owe a debt to LVNV Funding, LLC, is a false representation of the amount of the alleged Debt, in violation of 15 U.S.C. § 1692e(2)(A).

110. Defendants' allegation that Plaintiff owed a debt to LVNV Funding, LLC, when Plaintiff did not owe a debt to LVNV Funding, LLC, is a false representation of the legal status of the alleged Debt, in violation of 15 U.S.C. § 1692e(2)(A).

111. Defendants' allegation that Plaintiff owed a debt to LVNV Funding, LLC, when Plaintiff did not owe a debt to LVNV Funding, LLC, is a false representation made in an attempt to collect the alleged Debt in violation of 15 U.S.C. § 1692e(10).

112. Defendants' allegation that Plaintiff owed a debt to LVNV Funding, LLC, when Plaintiff did not owe a debt to LVNV Funding, LLC, is a deceptive means used in an attempt to collect the alleged Debt in violation of 15 U.S.C. § 1692e(10).

113. Defendants' demand that Plaintiff make payment for a debt that he does not owe is a false representation made to attempt to collect any debt in violation of 15 U.S.C. § 1692e(10).

114. Defendants' request that Plaintiff make payment for a debt that he does not owe is a deceptive means used to attempt to collect any debt in violation of 15 U.S.C. § 1692e(10).

115. For the foregoing reasons, Defendants violated 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) and are liable to Plaintiff therefor.

**FOURTH COUNT**
**Violation of 15 U.S.C. §§ 1692e and 1692e(10)**

116. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

117. 15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

10

118. The July Letter contains a notice of a special offer stating: "This Letter is to inform you of a special offer on the collection account listed above".

119. The July Letter containts a settlement offer stating: "Take advantage of a discount up to 40% off the current balance: Make a one-time payment on or before 07/30/2020".

120. Below the settlement offer, the July Letter states: Please call 800-462-4884 within 10 days to secure one of the above options.

121. While a settlement offer in and of itself is not improper, such offer runs afoul of the FDCPA if it impresses upon the least sophisticated consumer that if he or she does not accept the settlement offer by the stated deadline, he or she will have no further opportunity to settle the alleged Debt for less than the full amount.

122. These concerns can be adequately addressed by the debt collector including with the offer the following language: "We are not obligated to renew this offer." *Evory v. RJM Acquisitions Funding L.L.C.*, 505 F.3d 769, 776 (7th Cir. 2007).

123. The impetus behind the holding in *Evory* was the observation that debt collectors will often use language such as "TIME'S A WASTIN!" or "payment must be received by" a date certain to take advantage of the settlement offer.

124. The Court found this to be a false and/or deceptive practice, insofar as it was solely a mechanism designed to create a false sense of urgency for a consumer to make a payment when, in reality, debt collectors will often renew (or make better) settlement offers thereafter.

125. To strike a balance between discouraging debt collectors from making settlement offers in collection letters, while still protecting consumers from having debt collectors using such offers to create a false sense of urgency, the Court adopted the "safe harbor" language quoted above.

126. By requiring the inclusion of language indicating that the debt collector is "not obligated to renew" an offer, the consumer will be empowered with the knowledge that an offer may be renewed, but it is not guaranteed.

127. 15 U.S.C. § 1692e protects Plaintiff's concrete interests. Plaintiff has the interest and right to be free from deceptive and/or misleading communications from Defendants. As set forth herein, Defendants deprived Plaintiff of this right.

128. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

129. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

130. A debt collection practice can be a "false, deceptive, or misleading" practice in violation of 15 U.S.C. § 1692e even if it does not fall within any of the subsections of 15 U.S.C. § 1692e.

131. A collection letter violates 15 U.S.C. § 1692e if, in the eyes of the least sophisticated consumer, it is open to more than one reasonable interpretation, at least one of which is inaccurate.

132. A collection letter also violates 15 U.S.C. § 1692e if, it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer.

133. The phrase "we are not obligated to renew this offer" adequately conveys to the least sophisticated consumer that there is a renewal possibility, but also that it is not assured.

134. The July Letter does not state "we are not obligated to renew this offer," nor does it include any kind of substantially similar language.

135. The least sophisticated consumer would likely be misled by the settlement offer, by reasonably believing it was his last opportunity to settle the alleged Debt for less than the amount owed, insofar as the July letter preceding it included the *Evory* safe harbor language.

136. The least sophisticated consumer would likely be misled in a material way by the settlement offer, by reasonably believing it was his last opportunity to settle the alleged Debt for less than the amount owed.

137. Plaintiff was confused by the settlement offer.

138. For the foregoing reasons, Defendants violated 15 U.S.C. §§ 1692e and 1692e(10) and are liable to Plaintiff therefor.

**FIFTH COUNT**
**Violation of 15 U.S.C. §§ 1692e and 1692e(10)**

139. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

140. 15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

141. The Letter gives Plaintiff four options to setle the debt by making a payment or series of payments.

142. Option 1 states: "Take advantage of a discount up to 40% off the current balance: Make a one time payment on or before 07/30/2020".

143. Option 2 states: "Take advantage of a discount up to 30% off the current balance: Make three payments: 1st payment due by 07/30/2020, 2nd payment due by 08/30/2020, 3rd payment due by 9/30/2020".

144. Option 3 states: "Take advantage of a discount up to 20% off the current balance: Make six payments: 1st payment due by 07/30/2020, 2nd payment due by 08/30/2020, 3rd payment due by 9/30/2020, 4th payment due by 10/30/2020, 5th payment due by 11/30/2020, 6th payment due by 12/30/2020".

145. Option 4 states: "Take advantage of paying your balance in ine payments: 1st payment due by 07/30/2020, 2nd payment due by 08/30/2020, 3rd payment due by 9/30/2020, 4th payment due by 10/30/2020, 5th payment due by 11/30/2020, 6th payment due by 12/30/2020, 7th payment due by 01/30/2021, 8th payment due by 02/28/2021, 9th payment due by 03/30/2021".

146. Underneath these offers, the Letter states to "Please call 800-462-4884 within 10 days to secure one of the above options".

147. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

148. A debt collection practice can be a "false, deceptive, or misleading" practice in violation of 15 U.S.C. § 1692e even if it does not fall within any of the subsections of 15 U.S.C. § 1692e.

149. A collection letter violates 15 U.S.C. § 1692e if, in the eyes of the least sophisticated consumer, it is open to more than one reasonable interpretation, at least one of which is inaccurate.

150. A collection letter also violates 15 U.S.C. § 1692e if, it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer.

151. The least sophisticated consumer could read the Letter and believe that she can validly accept one of the putative offers by merely sending payment.

152. The least sophisticated consumer could similarly read the Letter and believe she has to call the number listed to validly accept one of the putative offers.

153. The least sopihisticated consumer would be confused as to whether she must call by the dates stated or, alternatively, call sufficiently in advance of the dates stated such that payment

could still be sent by the date stated.

154. The least sopihisticated consumer would be confused as to the method by which the offers may be accepted.

155. For the foregoing reasons, Defendants violated 15 U.S.C. §§ 1692e and 1692e(10) and are liable to Plaintiff therefor.

## JURY DEMAND

156. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment be entered as follows:

a. Finding Defendant's actions violate the FDCPA; and

b. Awarding Plaintiff statutory damages in the amount of $1,000.00 as provided under 15 U.S.C. § 1692k(a)(2)(A); and

c. Awarding Plaintiff actual damages in an amount to be determined at trial as provided under 15 U.S.C §1692k(a)(1) and

d. Awarding Plaintiff's the costs of this action and reasonable attorneys' fees as provided under 15 U.S.C. § 1692k(a)(3); and

e. Awarding Plaintiff such other and further relief that the Court determines is just and proper.

DATED: February 10, 2021

**BARSHAY SANDERS, PLLC**

By: */s Craig B. Sanders*
Craig B. Sanders, Esq.
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Email: csanders@barshaysanders.com
Tel: (516) 203-7600
Fax: (516) 282-7878
*Attorneys for Plaintiff*
Our File No.: 119987