UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
                                                            :
LYNETTE ROGERS,                                      :

                                                            :
                                 Plaintiff,                  :           <u>MEMORANDUM & ORDER</u>
                                                            :
              -against-                     :           21-cv-796 (ENV) (RLM)
                                                            :
LVNV FUNDING, LLC,                         :
                                                            :
                                 Defendants.   :   x
-------------------------------------------------------------

VITALIANO, D.J.

       On October 18, 2021, Magistrate Judge Roanne L. Mann issued a Report and Recommendation ("R&R") in this Fair Debt Collection Practices Act ("FDCPA") action, recommending that defendant LVNV Funding, LLC's ("LVNV") Rule 12(b)(6) motion to dismiss for failure to state a claim be granted in its entirety. *See* R&R, Dkt. 20. Plaintiff Lynette Rogers filed timely objections to the R&R, in which she argued that *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 210 L. Ed. 2d 568 (2021), deprives her of Article III standing and, accordingly, the action should instead be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction. Pl. Obj., Dkt. 21. For the reasons that follow, plaintiff's objection to the R&R is sustained and this action is dismissed without prejudice in the absence of subject matter jurisdiction.

<u>Background</u>[1]

       This action stems from plaintiff's receipt of a letter from former defendant Valentine &

---

[1] The parties' familiarity with the factual allegations in the complaint, which are assumed to be true for purposes of this motion, and the procedural history of the case is presumed and will not repeated here unless helpful to context.

Kebartas, Inc. ("Valentine"),[2] dated May 15, 2020, in which Valentine sought to collect a $2,573.75 debt of plaintiff's that, the letter claimed, originated with Credit One Bank, N.A. but was, at that time, owed to LVNV. Compl., Dkt. 1, at ¶¶ 25–27, 37–38, 60, 75. Rogers alleges she was never involved in any transaction with LVNV and that neither Credit One nor LVNV ever advised her that LVNV had acquired the debt. *Id.* ¶¶ 24, 34, 76–83. Plaintiff also received another letter from Valentine, dated July 20, 2022, containing various options to settle her debt by paying a percentage of her outstanding balance on a specified date. *Id.* ¶¶ 39, 118–20, 142–45.

On February 12, 2021, Rogers commenced this lawsuit on behalf of a nationwide class of persons who have received similar communications from LVNV. The complaint asserts five causes of action under the FDCPA, claiming that plaintiff did not owe any money to LVNV, that the letters misstated the amount of debt owed, and that the settlement offers were deceptive and/or illusory. LVNV later moved to dismiss the complaint for failure to state a claim under Rule 12(b)(6), Mot., Dkt. 18-3, which, upon the Court's referral, Magistrate Judge Mann recommended be granted in its entirety.

## Discussion

Federal courts, unlike their state brethren, are courts of limited subject matter jurisdiction. *Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont*, 565 F.3d 56, 62 (2d Cir. 2009). "A federal court's entertaining a case that is not within its subject matter jurisdiction is no mere technical violation; it is nothing less than an unconstitutional usurpation of state judicial power." *Atanasio v. O'Neill*, 235 F.Supp.3d 422, 424 (E.D.N.Y. 2017). Given their limited role

---

[2] Valentine was named as a defendant in the complaint but has since been voluntarily dismissed by stipulation of the parties. *See* Dkt. 12.

in the judicial system established by our Constitution, federal courts have a continuing and independent duty to ensure that they possess subject matter jurisdiction and must dismiss a case—even *sua sponte*—when they find it lacking. *Berger v. L.L. Bean, Inc.*, 351 F. Supp. 3d 256, 261 (E.D.N.Y. 2018) (citing *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 316, 126 S.Ct. 941, 163 L.Ed.2d 797 (2006)).

When a plaintiff lacks Article III standing, a court lacks subject matter jurisdiction to hear his claim. *Cent. States Se. & Sw Areas Health and Welfare Fund v. Merck–Medco Managed Care*, 433 F.3d 181, 197–98 (2d Cir. 2005); *Hillside Metro Assocs., LLC v. JPMorgan Chase Bank, Nat'l Ass'n*, 747 F.3d 44, 48 (2d Cir. 2014). Standing exists when (1) the plaintiff suffered a concrete, particularized injury-in-fact that is actual or imminent, not conjectural or hypothetical; (2) there is a causal link between the injury and complained-of conduct; and (3) it is likely that the injury will be redressed by a favorable decision. *Culwick v. Wood*, 384 F. Supp. 3d 328, 337 (E.D.N.Y. 2019) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560, 112 S. Ct. 2130, 119 L.Ed. 2d 351 (1992)).

Although, as noted, this matter is before the Court pursuant to Judge Mann's well-reasoned finding that plaintiff failed sufficiently plead FDCPA claims, Rogers' objections allege a standing deficiency that, if true, would deprive the Court of jurisdiction to decide the case on the merits. The Court therefore, as the Constitution demands, "addresses standing at the outset of its analysis." *Green v. Forster & Garbus, LLP*, 2022 WL 939743, at *2 (E.D.N.Y. Mar. 29, 2022) (quoting *Cohen v. Rosicki, Rosicki & Assocs., P.C.*, 897 F.3d 75, 80 (2d Cir. 2018)). Specifically, plaintiff argues that in view of the Supreme Court's decision in *TransUnion*, she has not suffered an injury-in-fact sufficient to confer standing and, resultingly, this Court lacks the power to hear and decide her claims, mandating dismissal under Rule 12(b)(1) instead of Rule 12(b)(6).

For FDCPA cases, *TransUnion*, which was decided near the close of the parties' briefing before Judge Mann, was a watershed. It involved a consumer class action suit against a credit reporting agency that allegedly violated the Fair Credit Reporting Act by failing to ensure the accuracy of its credit reporting procedures. In reversing the Ninth Circuit, the Supreme Court held that, for purposes of Article III standing, it is not enough to allege that the defendant's conduct violated a federal law; a plaintiff seeking damages must show they were "concretely harmed by a defendant's statutory violation." 141 S. Ct. 2190 at 2205. Applying that rule, the Court found that the class members whose allegedly misleading or inaccurate credit reports were *not* disseminated to third-party creditors had not suffered a concrete injury-in-fact. *Id.* at 2210 ("The mere presence of an inaccuracy in an internal credit file, if it is not disclosed to a third party, causes no concrete harm."). It also clarified that an alleged "informational injury"—there, the fact that the consumers received information "in the wrong format"—gives rise to standing only when it causes concrete, adverse consequences. *Id.* at 2213.

Viewing the complaint through the lens of *TransUnion*, plaintiff's standing deficiencies are manifest. Rogers alleges she was injured by the receipt of LVNV's "deceptive and/or misleading communications" and that, absent judicial intervention, defendant will continue to use unlawful means to collect the debt and cause her economic harm. Yet, as Rogers concedes, LVNV did not disseminate the allegedly inaccurate or misleading information about her debt to any third party. Nor does she allege that the claimed risk of economic harm ever materialized, or that she was "independently harmed by [her] exposure to" these risks. *TransUnion*, 141 S. Ct. at 2211; *see also Grauman v. Equifax Info. Servs., LLC*, 549 F. Supp. 3d 285, 292 (E.D.N.Y. 2021) ("generalized allegation" of financial harm insufficient to show concrete injury under *TransUnion*). At bottom, plaintiff's only alleged injury-in-fact is LVNV's purported FDCPA violations, which is plainly insufficient to confer Article III standing. *TransUnion*, 141 S. Ct. at

4

2205 ("[U]nder Article III, an injury in law is not an injury in fact."); *Spokeo, Inc. v. Robins*, 578 U.S. 330, 341, 136 S. Ct. 1540, 1549, 194 L. Ed. 2d 635 (2016), *as revised* (May 24, 2016) ("Article III standing requires a concrete injury even in the context of a statutory violation.").

Defendants do not argue otherwise. Instead, they urge the Court to reject this latent constitutional deficiency and dismiss the complaint with prejudice under Rule 12(b)(6) because Article III standing was not raised in the briefs or discussed in the R&R. Def. Reply, Dkt. 22, at 1. But, as should be evident from the discussion, *supra*, subject matter jurisdiction is a matter that relates to the power of the district court and cannot be ignored even if all parties agree to waive its absence. Correspondingly, the absence of subject matter jurisdiction "may be raised at any time by a party or by the Court *sua sponte*." *Bloome v. Silver St. Dev. Corp.*, 2014 WL 2624909, at *2 (E.D.N.Y. June 11, 2014). Put simply, without standing, the Court lacks power to decide whether plaintiff adequately pleaded FDCPA claims, regardless of when or how the jurisdictional question was presented to the Court. And, as plaintiff was presumably aware when lodging her objections, the absence of subject matter jurisdiction "deprives federal courts of the power to dismiss [the] case with prejudice." *Katz v. Donna Karan Co., L.L.C.*, 872 F.3d 114, 121 (2d Cir. 2017) (cleaned up). Accordingly, the complaint must be dismissed in its entirety for lack of subject matter jurisdiction.

<u>Conclusion</u>

For the reasons discussed above, plaintiff's objection to the R&R is sustained and her complaint is dismissed without prejudice pursuant to Rule 12(b)(1).

The Clerk of Court is directed to enter judgment accordingly and to close this case.

So Ordered.

Dated: Brooklyn, New York
      June 13, 2022

                                       /s/ Eric N. Vitaliano
                                       ERIC N. VITALIANO
                                       United States District Judge